**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID T. RINGGOLD,                      :
                                        :         Civil Action No. 12-5428 (JBS)
                 Plaintiff,             :
                                        :
         v.                             :         **OPINION**
                                        :
CHERYL D'ANNESE , et al.,               :
                                        :
                 Defendants.            :


**APPEARANCES:**

**DAVID T. RINGGOLD**
#264341
Camden County Correctional Facility
330 Federal Street
Camden, New Jersey  08101
        Plaintiff pro se

**SIMANDLE**, Chief Judge:

        Plaintiff David T. Ringgold ("Plaintiff") seeks to bring this action *in forma pauperis*.

Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the

complaint.  At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from

a defendant who is immune from such relief.  For the reasons set forth below, the Court

concludes that the complaint should be dismissed at this time.

## I.  BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants

Parole Officer Cheryl D'Annese; Parole Officer Higginbotham; Parole Officer David Ortega;

City of Camden Police Officer Vilchez; City of Camden Police Officer Rodriguez; and the

Camden County Prosecutors' Office.  The following factual allegations are taken from the

complaint, and are accepted for purposes of this screening only.  The Court has made no findings

as to the veracity of Plaintiff's allegations.

On January 13, 2010, Defendants Higginbotham, Ortega, Vilchez and Rodriguez

executed a search of Plaintiff's residence without a warrant , during which they found two

weapons.  Plaintiff states that these weapons were not in his possession nor under his control.

Later that day, his parole officer, Defendant D'Annese, came to the residence and placed Plaintiff

into custody for violation of his parole.  Plaintiff returned to state prison, where he finished the

remainder of his sentence.  During his incarceration, Plaintiff went to trial on the new charges

and was acquitted.  Plaintiff is seeking monetary damages.

## II.  DISCUSSION

**A.      Legal Standard**

**1.          Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to

1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which

a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or

entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim

that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§

1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails

to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The

Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a

complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary

dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is

facially plausible.  This then "allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009)(citing Iqbal).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the

allegations of his complaint are plausible.  *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505

U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian

v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's

entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578

F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.      Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of

a right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d

560, 563 (3d Cir. 2011).

**B.      Analysis**

**1.      Fourth Amendment Claims**

Statute of limitations is an affirmative defense that must generally be pleaded and proved

by the defendants.  *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)

(statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not

required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*,

285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199,

215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that if the allegations of a complaint, "show that

relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for

failure to state a claim."

The statute of limitations on civil rights claims is governed by New Jersey's two-year

limitations period for personal injury.  *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938,

85 L.Ed.2d 254 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *O'Connor*

*v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006).  This statute requires that "an action for

an injury to the person caused by a wrongful act, neglect, or default, must be convened within

two years of accrual of the cause of action."  *Cito v. Bridgewater Township Police Dept.*, 892

F.2d 23, 25 (3d Cir. 1989)(quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)).

"Accrual is the occurrence of damages caused by a wrongful act.... [T]he tort cause of

action accrues, and the statute of limitations commences to run, when the wrongful act or

omission results in damages."  *Dique*, 603 F.3d at 185–86 (citations and internal quotation marks

omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("the limitations

period begins to run from the time when the plaintiff knows or has reason to know of the injury

which is the basis of the section 1983 action"); *Sameric Corp. of Del., Inc. v. City of*

*Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A [§ ] 1983 cause of action accrues when the

plaintiff knew or should have known of the injury upon which [his] action is based").  A claim

for false arrest typically accrues on the date of the arrest, because that is when the plaintiff has

reason to know of his injury.  *Pittman v. Metuchen Police Dept.*, 441 F. App'x 826, 828 (3d Cir.

2011).  A claim for false imprisonment accrues when an arrestee appears before a magistrate and

is bound over for trial, because, after that, he is being held pursuant to legal process.  *Wallace v.*

*Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Here, the search of his house and subsequent arrest of Plaintiff occurred on January 13,

2010.  At that time, Plaintiff's Fourth Amendment claims accrued and the statute of limitations

for began to run.  As a result, the two year limitations period for these claims had expired when

Plaintiff filed the instant complaint in August 2012.  Although the statute of limitations may be

equitably tolled, tolling is extraordinary relief that is appropriate only "in three general scenarios:

(1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where

the plaintiff has been prevented from asserting his claim as a result of other extraordinary

circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in

the wrong forum."  *Lake v. Arnold*, 232 F.3d 360, 370, n. 9 (3d Cir. 2000).  Because none of the

circumstances warranting equitable tolling appear to apply, it is apparent from the face of the

Complaint that Plaintiff's claims for false arrest and illegal search and seizure against all

defendants are time barred.  *See Pittman*, 441 F. App'x at 828.

> **2.    Malicious Prosecution**

It appears that Plaintiff is also alleging a claim of malicious prosecution against all

defendants.  To prove malicious prosecution under section 1983 a plaintiff must show that: (1)

the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3)

the defendant initiated the proceeding without probable cause; (4) the defendant acted

maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal

proceeding.  *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (citing *Estate of Smith v.*

*Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).  "If the prosecutor drops the charges as part of a

compromise with the accused, the accused will fail the favorable termination prong necessary to

maintain a malicious prosecution claim under § 1983."  *Taylor v. Winters*, 115 F. App'x. 549,

552 (3d Cir. 2004). *See also Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002).

In this case, Plaintiff has not alleged sufficient facts to allow this claim to proceed.

Plaintiff appears to argue that simply because he was acquitted of the new charges, he therefore

was maliciously prosecuted.  However, Plaintiff has not alleged any facts to indicate a lack of

probable cause when the proceeding was initiated.  In fact, two weapons were found during the

search of his residence.  Further, Plaintiff failed to allege any malice on the part of the

defendants.  As such, Plaintiff's claims for malicious prosecution against all defendants are

dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1).

### III.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice in its

entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1).

However, because it is conceivable that Plaintiff may be able to supplement his pleading with

facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to

move to re-open this case and to file an amended complaint.[1]  An appropriate order follows.


**March 7, 2013** _____               ** s/ Jerome B. Simandle**_____
Date                                    JEROME B. SIMANDLE
                                        Chief United States District Judge


_____

[1]Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*